UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>VESME, CORP, et al.,<br><br>    Defendants. | Case No. 19-cv-01874-JST   (RMI)<br><br>**ORDER RE: UNILATERALLY FILED DISCOVERY DISPUTE LETTER BRIEF**<br><br>Re: Dkt. No. 63 |

Now pending before the court is a unilaterally-filed discovery dispute letter brief (dkt. 63) wherein Plaintiff wished to present a discovery dispute but counsel for Defendants reportedly "refused to permit its filing unless Defendants' portion was set forth at the beginning of the letter, rather than Plaintiff's . . . [and because] [t]he parties could not agree on the final version of the letter . . . [the Parties decided that they] are submitting their positions separately." *Id*. at 3. First, the court will note that the unilateral filing of discovery dispute letter briefs is not permitted by Paragraph 13 of the undersigned's General Standing Order, and counsel in this case have previously been reminded of this fact. Indeed, this is not the first time that counsel in this case have found themselves unable or unwilling to cooperate with one another in the requisite spirit of collegiality that this court expects.

On February 22, 2021, Plaintiff's counsel filed a unilateral discovery dispute letter brief in which it was contended that drafts were circulated between December of 2020, and February of 2021, but that, even by February 22, 2021, Defendants' counsel had "still not provided their input on this letter and have not further supplemented their responses." *See* Ltr. Br. of February 22, 2021 (dkt. 48) at 4. When the unilaterally filed letter brief was referred to the undersigned the

following day, Plaintiff's counsel moved for a telephonic conference (in accordance with the provisions of the undersigned's General Standing Order). *See* Pl.'s Mot. (dkt. 50). The court then set the matter for a hearing (dkt. 52), but counsel for Defendants failed to appear (dkt. 54), causing the undersigned to file an Order (dkt. 53) directing counsel to show cause why she should not be sanctioned. Defense counsel then filed a response in which it was contended that her failure to appear at the hearing was due to the fact that the court had an incorrect email address for her (jacheson@ropers.com) and that she had "immediately updated the Court records with the current, relatively new e-mail" (Jennifer.acheson@rmkb.com), however, the court will note that the docket still reflects the original contact email for Defense counsel, not the "relatively new e-mail."[1] In any event, a second hearing was conducted at which Defense counsel did appear (dkt. 56), and thereafter, on March 8, 2021, the Parties informed the court, via email, that their disputes had been resolved (dkt. 57).

Since then, counsels' inability to work with one another in a collegial and cooperative fashion has resulted in flurry of motions (dkts. 59, 60), and yet another unilaterally-filed discovery dispute letter brief (dkt. 63). A dispute over the timing for the deposition of a non-party witness has somehow devolved into a motion seeking to find Defendant's counsel in civil contempt (dkt. 59), coupled with a motion to shorten the time for notice and a hearing on the contempt motion (dkt. 60); and, the most recently submitted unilaterally-filed letter brief (dkt. 63) seeks, *inter alia*, an order disqualifying Defendants' counsel from representing that non-party witness. It appears that the latest round of scorched-earth fighting includes something so petty, and so beneath counsel practicing as officers of this Court, as bickering about which party's position should occupy the opening portion of a jointly-submitted letter brief. *See* Ltr. Br. (dkt. 63) at 3. Typically, the party initiating the letter brief (i.e., the party seeking affirmative relief from the court) sets forth their position first; however, professionalism and courtesy should have informed both lawyers on this case that it should not really make any meaningful difference to either counsel whose portion comes first and whose comes second, as the court will obviously read the entire

---

[1] Defense Counsel is reminded that it is her responsibility to ensure that the Court's docket reflects the correct contact information such that she receives electronic notification of hearings and filings.

letter brief. Counsel are reminded that such an inane disagreement is not a legitimate reason for <u>both</u> attorneys to unilaterally decide to ignore the court's joint filing requirement. Counsels' belligerence towards one another is inching the court closer and closer to the limits of its patience. Counsel should be warned that if this sort of behavior manifests itself in the discovery process of this case again – even one more time – the undersigned will promptly conduct a hearing regarding the imposition of appropriate sanctions.

In the meantime, the Parties are **ORDERED** to promptly meet and confer, putting forth a good-faith and meaningful effort to resolve or narrow the discovery disputes presented in Plaintiff's unilaterally-filed letter brief (dkt. 63), and (if any disputes remain), the Parties are **ORDERED** to file a joint letter brief clearly setting forth that dispute no later than 5:00 pm on Friday, April 9, 2021.

**IT IS SO ORDERED.**

Dated: April 7, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge