UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>VESME, CORP, et al.,<br><br>    Defendants. | Case No. 19-cv-01874-JST<br><br>**ORDER GRANTING MOTION TO AMEND JUDGMENT TO CORRECT JUDGMENT DEBTORS**<br><br>Re: ECF No. 132, 145, 146 |

Before the Court is Plaintiff Gerardo Hernandez's unopposed motion to amend the Court's judgment to correct judgment debtors. ECF No. 146. The Court will grant the motion.

## I.     BACKGROUND

This Americans with Disabilities Act (ADA) case concerns the accessibility of Defendants' grocery store ("the Facility") to persons with disabilities. *See, e.g.*, ECF No. 116 at 1–2. The Court entered judgment in favor of Plaintiff on October 24, 2022, awarding Plaintiff $4,000 in damages and issuing an injunction requiring Defendants to bring the Facility into compliance with the ADA. ECF No. 132. On September 28, 2023, the Court granted in part and denied in part Plaintiff's motion for attorney's fees, awarding Plaintiff $231,001.70 in fees and costs. ECF No. 145.

Plaintiff now brings a motion to amend the Court's judgment. ECF No. 146. Plaintiff states that he "recently learned" that on April 2, 2020, while this action was pending, Defendants Ramiro Chavez and Claudia Chavez transferred ownership of the Facility property to the Ramiro and Claudia Chavez Trust ("the Trust") without notifying Plaintiffs or the Court in an "apparent attempt to avoid enforcement of the judgment." ECF No. 146 at 2–3; *see* ECF No. 146-2. Plaintiff is correct that Defendants did not disclose this transfer to the Court; in fact, in a case

1    management statement filed weeks after they transferred the property, Defendants certified to the
2    Court that they were unaware of any non-party entities with an interest in the subject matter of the
3    proceeding or whose interests could be substantially affected by the outcome of the proceeding.
4    ECF No. 31 at 9.

5          Plaintiff further states that Defendants have not paid the damages, fees, or costs that the
6    Court assessed in its judgment and order on fees.  ECF No. 146 at 2.  Accordingly, Plaintiff asks
7    the Court to amend the judgment to reflect Defendants' capacities as trustees of the Trust so that
8    he may record a lien against the Facility property.  *Id.* at 3.  Defendants did not respond to the
9    motion.

10   **II.    JURISDICTION**

11         The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

12   **III.   LEGAL STANDARD**

13         Federal Rule of Civil Procedure 69(a) "'permits judgment creditors to use any execution
14   method consistent with the practice and procedure of the state in which the district court sits,'"
15   empowering federal district courts to rely on state law to add judgment debtors.  *In re Levander*,
16   180 F.3d 1114, 1122 (9th Cir. 1999) (quoting *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures*
17   *Corp.*, 159 F.3d 412, 421 (9th Cir. 1998)).  Here, the relevant state law is Section 187 of the
18   California Code of Civil Procedure, which permits the amendment of a judgment to add a
19   judgment debtor.  *See Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148
20   (9th Cir. 2004); *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, 2019 WL 3576900, at *1
21   (N.D. Cal. Aug. 6, 2019), *aff'd sub nom. Cadence Design Sys., Inc. v. Viera*, 836 F. App'x 493
22   (9th Cir. 2020).  This procedure "is premised on the notion that [an] amendment [adding a
23   judgment debtor] is merely inserting the correct name of the real defendant, such that adding a
24   party to a judgment after the fact does not present due process concerns."  *Katzir's Floor & Home*
25   *Design, Inc.*, 394 F.3d at 1148 (internal quotation marks and citation omitted).

26         "The decision to grant an amendment lies in the sound discretion of the trial court."  *JPV I*
27   *L.P. v. Koetting*, 88 Cal. App. 5th 172, 189 (2023) (internal quotation marks and citation omitted).
28

## IV.  DISCUSSION

The Court now examines whether Plaintiff has shown that Section 187 permits the Court to amend the judgment to reflect individual Defendants' capacity as trustees of the trust that now owns the Facility property.  Amending a judgment under Section 187 generally requires "(1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns."[1] *Levander*, 180 F.3d at 1121 (citing *Triplett v. Farmers Ins. Exchange*, 24 Cal. App. 4th 1415, 1421 (1994) (internal quotation marks and emphasis omitted)).

### 1. Alter Ego

In California, the alter ego doctrine permits a court to attribute a corporation's actions and debts to the persons or organization controlling the corporation where: "there is such unity of interest and ownership that the legal separateness of the individual and alter ego no longer exist" and "the observance of the fiction of separate existence would under the circumstance promote fraud or injustice."  *United States v. Boyce*, 148 F. Supp. 2d 1069 (S.D. Cal. 2001), *as amended* (Apr. 27, 2001), *aff'd*, 36 F. App'x 612 (9th Cir. 2002) (citation omitted); *see also Bd. of Trs. of the Kern Cnty. Elec. Pension Fund v. Atkins Specialty Servs., Inc.*, 2021 WL 792733 (E.D. Cal. Mar. 2, 2021), *report and recommendation adopted sub nom. Bd. of Trs. of Kern Cnty. Workers' Elec. Pension Fund v. Atkins Specialty Servs., Inc.*, 2021 WL 2644880 (E.D. Cal. June 28, 2021) (explaining the operation of the alter ego doctrine in California law).  "[I]nserting the correct name of the real defendant" under the alter ego doctrine, *Bd. of Trs. of the Kern Cnty. Elec. Pension Fund*, 2021 WL 792733, at *3 (citation omitted), "affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form," *id.* at *4.

"[T]he Ninth Circuit has followed the line of California Court of Appeal authority that holds that, in certain cases, 'a finding that the [new judgment debtor] was the alter ego of the [existing one] [is] not required.'" *Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC*,

---

[1] Plaintiff does not address these factors in his motion.

3

2019 WL 6898959, at *2 (C.D. Cal. Apr. 15, 2019) (alterations in original) (quoting *Levander*, 180 F.3d at 1122). Under this caselaw, where "the added judgment-debtor [does] not meet the formal requirements for alter ego liability," the court nonetheless may add the debtor if doing so comports with "the theory underlying amendment of a judgment based on alter ego liability." *Levander*, 180 F.3d at 1122 (citing *Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 21–22 (1994), *as modified* (Mar. 22, 1994)); *accord id.* ("[N]ot allowing amendment due to the absence of a finding of alter ego would 'work an injustice.'" (quoting *Carr*, 23 Cal. App. 4th at 23)).

       The principles behind the alter ego requirement support amending the judgment in this case. *See Tradeline Enters. Pvt. Ltd.*, 2019 WL 6898959, at *2 & n.4. Defendants Ramiro Chavez and Claudia Chavez created the Trust on April 2, 2020, while this litigation was pending, and they transferred the Facility property to it on the same day. ECF No. 146-2. In a subsequent case management statement, Defendants falsely represented that they were not "aware of persons, firms, partnerships, corporations (including parent corporations) or other entities that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." ECF No. 31 at 9. Notably, Defendants did not oppose the current motion and therefore have not contested the applicability of Section 187.

       *Levander* is instructive. In that case, the bankruptcy court awarded attorney's fees to Chapter 11 bankruptcy debtors Roger and Josie Levander against All-Carr Communications Company, Inc., a corporation ("Corporation"). *Levander*, 180 F.3d at 1116. Without the bankruptcy court's knowledge, Corporation transferred its assets to All-Carr Communications Company, a general partnership ("Partnership"). *Id.* at 1117. The bankruptcy court later amended its original order to add Partnership as an additional judgment debtor. *Id.* at 1116. The district court reversed the decision of the bankruptcy court for lack of jurisdiction, *see id.*, but the Ninth Circuit reinstated the bankruptcy court's order, concluding that adding a judgment debtor fit within the theory underlying amendment of a judgment based on alter ego liability. *Id.* at 1122.

       Here, Defendants' misrepresentation in this case resulted in a judgment that did not name the Trust as a debtor. Thus, as in *Levander*, "'the court is not amending the judgment to add a new

4

defendant but is merely inserting the correct name of the real defendant.'" *Id.* (quoting *Carr*, 23 Cal. App. 4th at 21). Moreover, "not allowing amendment due to the absence of a finding of alter ego would 'work an injustice.'" *Id.* (quoting *Carr*, 23 Cal. App. 4th at 23).

### 2. Control of Litigation

The control of litigation prong is satisfied where the parties to be added are the same individuals as the current Defendants and have therefore litigated the case themselves. *See Levander*, 180 F.3d at 1123 (finding that the debtor to be added "in essence controlled the litigation because the same group of individuals comprised the Partnership and the Corporation . . ."). Defendants Ramiro Chavez and Claudia Chavez are the sole trustees of the Trust, *see* ECF No. 146-2, and they have litigated this action since its inception. The amendment of the judgment to include their capacities as trustees therefore raises no due process concerns. *See Levander*, 180 F.3d at 1123.

For the foregoing reasons, the judgment entered in this case on October 24, 2022, ECF No. 132, as amended on September 28, 2023, ECF No. 145, awarding Plaintiff the total amount of $235,001.70 in damages, attorney's fees, and costs, is hereby amended to correct the names of judgment debtors Ramiro Chavez and Claudia Chavez to "Ramiro Chavez, individually and as Trustee of the Ramiro and Claudia Chavez Trust dated April 2, 2020" and "Claudia Chavez, individually as Trustee of the Ramiro and Claudia Chavez Trust dated April 2, 2020," respectively. The Clerk of Court may, upon submission of the appropriate forms, issue an abstract of judgment in favor of Plaintiff with the corrected names of "Ramiro Chavez, individually and as Trustee of the Ramiro and Claudia Chavez Trust dated April 2, 2020" and "Claudia Chavez, individually as Trustee of the Ramiro and Claudia Chavez Trust dated April 2, 2020."

**IT IS SO ORDERED.**

Dated: April 4, 2024

JON S. TIGAR
United States District Judge